IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **LISA MAGRUDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | C.A. NO. 6:23-cv-556 |
| | § | |
| | § | |
| **ARGON MEDICAL DEVICES, INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Lisa Magruder, files this Original Complaint and Jury Demand against Defendant Argon Medical Devices, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act codified in Chapter 21 of the Texas Labor Code.  For causes of action, Plaintiff would show the Court as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Lisa Magruder is a resident of Athens, Texas.

2. Defendant Argon Medical Devices, Inc. (hereinafter "Argon Medical") is a foreign corporation which can be served with Citation through its Registered Agent, Cogency Global, Inc. 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

3. This Court has jurisdiction to hear the merits of Ms. Magruder's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).  The Court has supplemental jurisdiction over Ms. Magruder's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a)

(incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in the Eastern District of Texas.

## II.
## FACTUAL BACKGROUND

5. Plaintiff Magruder uses a cane and/walker to assist her in walking due to a spinal fusion procedure. Magruder has two levels of fused vertebrae which make it difficult, but not impossible to walk.

6. Magruder applied for an assembly position with Argon Medical Supplies at its Athens, Texas facility through A.T. staffing agency. On January 17, 2023, Magruder went to the plant and talked to Marissa, the representative from A. T. staffing agency, who has a remote office there at the plant.

7. Magruder believed she was hired then and completed all the new employee paperwork. Magruder passed both the drug test and the background check. Magruder was told orientation would be that Monday or a week from the following Wednesday. Magruder was even told policies like dress code, no jewelry or makeup, etc. At that time, Magruder specifically asked if her cane or walker would be a problem and was told no, that, in fact, a previous employee, now retired, had used a walker.

8. Magruder received a text message on January 22, 2023 stating orientation would be Monday morning at 8 a.m. Magruder arrived at Argon Medical Supplies and her picture was taken for a work badge. Magruder was then taken to the cafeteria to wait with others for orientation to begin.

9. Before she was called into the orientation meeting, Magruder was called into Marissa's office, and she told her the "big wigs" with Argon Medical said she couldn't be hired "because she was a liability walking through the building to the workstation." It is a seated job.

10. Magruder told her that was discrimination and she said "no, not in this case. They [Argon Medical] are looking out for you." Magruder was never asked for any medical information regarding her condition to determine whether she could perform the essential duties of the job with or without accommodation.

### III.
### CAUSES OF ACTION
### COUNT ONE:

**Discrimination on the Basis of Association with a Person with a Disability in violation of the ADA and TCHRA**

11. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by failing to hire Plaintiff.  42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

12. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability.

13. Defendant is an employer under the ADA and the TCHRA.

14. Plaintiff was qualified for and could perform the essential functions of her job at the time Defendant failed to hire her.

15. Plaintiff was terminated as a direct result of her disability related to her spinal fusion.

16. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by failing to hire Plaintiff.  Plaintiff's disability was a determining or motivating factor in Defendant's decision to not hire Plaintiff.

17. Alternatively, Defendant violated both the ADA and TCHRA by failing to accommodate Plaintiff's need to work with her cane/walker. Defendant failed to engage Plaintiff

in the 'interactive process' in violation of the ADA and TCHRA.

18. Alternatively, Defendant violated both the ADA and TECHRA by regarding her as being disabled when it made the decision to not hire Plaintiff.

### IV.
### ECONOMIC DAMAGES

19. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

### V.
### COMPENSATORY DAMAGES

20. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

### VI.
### PUNITIVE DAMAGES

21. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

### VII.
### ATTORNEYS' FEES AND EXPERT FEES

22. A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX.

LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

23. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
bhommel@hommelfirm.com
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

**ATTORNEY FOR PLAINTIFF**