# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LISA MAGRUDER, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 6:23-CV-00556-JCB-JDL |
| § | |
| v. § | |
| § | |
| ARGON MEDICAL DEVICES, INC., § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the court is Defendant Argon Medical Devices, Inc.'s motion to dismiss Plaintiff Lisa Magruder's original complaint (Doc. No. 6). Magruder filed a response (Doc. No. 13) to which Argon filed a reply (Doc. No. 14). For the reasons stated herein, the court **RECOMMENDS** that Defendant's motion (Doc. No. 6) be **GRANTED**. The court **FURTHER RECOMMENDS** that Plaintiff be given leave to amend her complaint to cure the deficiencies discussed below.

## BACKGROUND

### I.   Plaintiff's Complaint

Magruder brings this lawsuit against Argon pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.051, for allegedly refusing to employ Magruder due to a preexisting disability that requires her to use a cane and/or walker to walk. (Doc. No. 1.) The original complaint alleges that Magruder applied for an assembly position with Argon at its Athens, Texas facility through A.T. Staffing Agency. (Doc. No. 1, at 2.) On January 17, 2023, Magruder interviewed for the position at A.T. Staffing's remote office, located on-site at Argon's assembly

facility. *Id.* Magruder states that she communicated to the A.T. Staffing representative that she would need to use a walker or cane, and the representative indicated that it would not be a problem. *Id.* Magruder alleges that following the interview, she filled out new employee paperwork, passed a drug test and background check, was advised regarding Argon's work policies, and was told to report to new employee orientation on January 23, 2023. *Id.* Magruder claims that on the morning of orientation, the A.T. Staffing representative called Magruder into her office and told Magruder that upper management at Argon said they couldn't hire her "because she was a liability walking through the building to the workstation." *Id.* Magruder alleges that she was never asked about her disability to determine whether she could perform the essential job duties with or without accommodation. *Id.* at 3.

## II. Defendant's Motion to Dismiss

### a. Exhaustion of Administrative Remedies

Argon moves to dismiss Magruder's complaint for failure to plead facts showing that her petition is timely under the ADA or TCHRA. (Doc. No. 6, at 10.) With respect to her claim under the TCHRA, Argon notes that Magruder had 60 days from the date she received notice of the right to sue from the Texas Workforce Commission ("TWC") to bring her state law claim. *Id.* at 11. And under the ADA, Argon notes that Magruder had 90 days from the date the Equal Employment Opportunity Commission ("EEOC") issued its notice of her right to sue in order to bring her federal claim. *Id.* Argon argues that the original complaint fails to plead facts showing that Magruder filed her respective state and federal law claims within the appropriate deadlines. *Id.*

In response to the motion to dismiss, Magruder attaches a copy of the EEOC charge (Doc. No. 13-1) filed on February 23, 2023, and the EEOC's right-to-sue letter (Doc. No. 13-2) issued on August 17, 2023. Magruder argues that this lawsuit is timely because it was filed on November

10, 2023, well within the 90-day limitations period. (Doc. No. 13, at 4.) Magruder does not respond to Argon's assertions regarding her failure to plead facts showing that her claim under the TCHRA is timely, except to say that "TWC-CRD has not issued a right to sue related to Magruder's current EEOC charge." *Id.* at 3.

In its reply, Argon argues that simply attaching the EEOC claim file to Magruder's response does not cure the deficiencies within the four corners of the complaint. (Doc. No. 14, at 2.) Argon asserts that, at a minimum, Magruder should be required to replead to afford Argon the opportunity to fully address her federal claim. *Id.* at 4.

    b.  Employment Relationship

Additionally, Argon moves to dismiss Magruder's complaint for failure to allege facts showing that she was a candidate for employment with Argon. *Id.* at 12. In particular, Argon notes that the original complaint merely alleges that Magruder applied and interviewed for a position with A.T. Staffing Agency. But the complaint does not claim that Magruder had any interactions with Argon personnel. *Id.* at 13.

In response to the motion to dismiss, Magruder claims that the original complaint alleges sufficient facts to show a joint employer relationship with both A.T. Staffing Agency and Argon. (Doc. No. 13, at 5.)

In its reply, Argon objects to Magruder raising the possibility of a joint employment relationship for the first time in her response to the motion to dismiss, and further contends that the original complaint fails to properly allege any such joint employment relationship exists. (Doc. No. 14, at 4–5.)

**LEGAL STANDARD**

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations[,] but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only "naked assertions" that are "devoid of further factual enhancement." *Id.* courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A

complaint may be dismissed if a plaintiff fails to "nudge [his] claims . . . across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

### I. Exhaustion of Administrative Remedies Under the ADA

The district court only has supplemental jurisdiction over Magruder's state-law claim if the federal claim stands. *See* 28 U.S.C. § 1367. As such, the court must first address Argon's motion to dismiss Magruder's complaint for failure to plead that her ADA claim is timely. As a preliminary matter, the court notes that in employment related cases, the ADA directs the EEOC to exercise the same enforcement procedures as those outlined in Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117 ("The powers, remedies, and procedures set forth in [Title VII] shall be the powers, remedies, and procedures this subchapter provides [for employment discrimination claims under the ADA.]"); *see also E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002). Thus, cases interpreting Title VII are equally applicable to claims under the ADA. *See Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 234 (5th Cir. 2001) (recognizing that "the ADA is part of the same broad remedial framework as . . . Title VII, and that all the anti-discrimination acts have been subjected to similar analysis.").

Exhaustion of administrative remedies is a prerequisite to bringing an employment discrimination claim under Title VII and the ADA. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). To exhaust her administrative remedies, a plaintiff must (1) timely file an administrative complaint with the EEOC, (2) obtain a right-to-sue letter from the EEOC, and (3) file her employment discrimination lawsuit within 90 days of receiving the right-to-sue letter. *See*

*Garcia v. Penske Logistics, L.L.C.*, 631 Fed. App'x 204, 207–08 (5th Cir. 2015) (citations omitted); *see also Hamilton v. Off. of Inspector Gen.*, No. 3:22-CV-00649-X (BH), 2023 WL 4566532, at *2 (N.D. Tex. June 27, 2023), *report and recommendation adopted*, No. 3:22-CV-0649-X-BH, 2023 WL 4565968 (N.D. Tex. July 17, 2023). Failure to allege exhaustion of administrative remedies in the complaint ordinarily subjects a plaintiff's claim to dismissal under Rule 12(b)(6). *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979); *see also Spann v. Frisco I.S.D.*, No. 419CV00603SDJCAN, 2020 WL 2167624, at *4 (E.D. Tex. Apr. 14, 2020), *report and recommendation adopted*, No. 4:19-CV-603, 2020 WL 2126423 (E.D. Tex. May 5, 2020).

Here, Argon correctly notes that Magruder's complaint fails to plead exhaustion of her administrative remedies. Magruder failed to include a copy of any EEOC charge and right-to-sue letter as exhibits to her complaint. *See* (Doc. No. 1.) Further, the complaint itself fails to allege facts showing that Magruder timely filed an EEOC charge, that she received her right-to-sue letter from the EEOC, or that she filed this lawsuit within 90 days of receiving the right-to-sue letter. *See id.* In fact, the complaint does not allege any facts about any EEOC or TWC administrative process at all. *See id.* As such, Magruder's complaint should be dismissed for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Hoffman*, 596 F.2d at 685.

Concerning the remaining arguments in Argon's motion, given the court's recommendation with respect to the pleading requirement of exhaustion, the court need not consider these arguments at this time. As discussed below, Magruder will be provided the opportunity to replead as to any other deficiencies raised in Argon's motion to dismiss.

## II. Amendment

In her response to the motion to dismiss, Magruder requests that she be allowed to amend her complaint if the court finds her allegations insufficient. (Doc. No. 13, at 6.) Federal Rule of

Civil Procedure 15(a)(2) permits a party to amend pleadings only with leave of court or a defendant's written consent. Rule 15(a) provides in relevant part that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion for leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994). In considering whether to grant a plaintiff's request for leave to amend a complaint, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, Magruder's response to the motion to dismiss includes a copy of the EEOC charge (Doc. No. 13-1) filed on February 23, 2023, and the EEOC's right-to-sue letter (Doc. No. 13-2) issued on August 17, 2023. Although extraneous to the complaint, considering Plaintiff's attachments to the response and the timing of this federal action, it does not appear that amending the complaint to permit Plaintiff to plead exhaustion would be futile. Further, there appears to be no bad faith or dilatory motive on the part of Plaintiff's counsel in making this error, and Argon has not alleged any such motive exists. Last, this case is in its earliest stages, so there would be no undue delay in allowing amendment. Accordingly, the court finds that granting leave to amend is appropriate at this time.

For further clarification, the court recommends that Plaintiff's counsel review the court's standard pleading form for *pro se* litigants, which lists the information that must be identified in or filed with the complaint.[1] Additionally, although the court has not reached the question of any

---

[1] https://www.txed.uscourts.gov/sites/default/files/forms/EEOC_complaint.pdf

employment relationship, the amended complaint should fully identify any alternate theories of liability omitted from the original complaint.

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendant Argon's motion to dismiss (Doc. No. 6) be **GRANTED**. However, the court **FURTHER RECOMMENDS** that Plaintiff Magruder be given leave to amend her complaint to cure the deficiencies discussed above.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 23rd day of January, 2024.**

*[signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE